Filed 12/8/21 P. v. Delgado CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B313091 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA389543-05) |
| v. | |
| ALEX DELGADO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Norm Shapiro, Judge. Dismissed.

Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

In 2012, defendant and appellant Alex Delgado pleaded guilty to one count of shooting at an occupied vehicle in violation of Penal Code section 246.[1]  He also admitted a gang enhancement under section 186.22, subd. (b)(1)(A) and a firearm enhancement under section 12022.53, subdivision (b)(e)(1).  The trial court sentenced him to a total of 19 years in state prison.

On May 20, 2021, defendant filed a petition to vacate his conviction and for resentencing pursuant to section 1170.95.  Defendant asserted the information filed against him would have allowed the prosecutor to proceed under a theory of felony attempted murder or attempted murder under the natural and probable consequences theory.  He pled guilty to shooting at an occupied vehicle only to avoid trial for attempted murder under either of those theories.  The trial court summarily denied his petition for resentencing under section 1170.95.

Defendant timely appealed, and we appointed counsel to represent him.  Counsel filed an opening brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 requesting that we independently review the entire record to determine if there are any arguable issues.  We invited defendant to submit a supplemental brief and he has not filed one.

The appeal is dismissed as abandoned.  (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1129-1130 review granted March 17, 2021, S266853; *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-

---

[1]  All further undesignated statutory references are to the Penal Code.

1040, review granted October 14, 2020, S264278; *People v. Serrano* (2012) 211 Cal.App.4th 496, 498.)[2]

_____

RUBIN, P. J.                    MOOR, J.                    KIM, J.

_____

[2]     We observe that section 1170.95 as originally enacted did not apply to those defendants convicted of attempted murder or manslaughter.  Recent amendments to the statute extended section 1170.95 to those two crimes.  (Sen. Bill No. 775 (2020–2021 Reg. Sess.).)  Those amendments do not provide relief for those defendants, such as defendant here, convicted of shooting at an occupied vehicle under section 246.

3